## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN GRIFFIN** | : | **CIVIL ACTION** |
| v. | : | |
| **DAVID DI GUGLIELMO, et al.** | : | **NO. 06-cv-3953** |

### MEMORANDUM AND ORDER

On September 5, 2006, petitioner filed the above-captioned petition in this court seeking Habeas Corpus relief pursuant to 28 U.S.C. §2254. Petitioner filed two previous petitions in this court seeking Habeas Corpus relief pursuant to 28 U.S.C. §2254, labeled 84-cv-1843 and 93-cv-4862, which attacked the same conviction and/or sentence, and which were dismissed with prejudice.[1] In such circumstances, the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§2241- 2266, provides in relevant part that before such a second or successive petition is filed in the district court, the prisoner must first get permission to file in the district court from the circuit court, pursuant to 28 U.S.C. §2244(b)(3)(A), and that without such circuit permission, the district court lacks subject matter jurisdiction to consider such a habeas petition. Felker v. Turpin, 518 U.S. 651 (1996); Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); In re Minarik, 166 F.3d 591 (3d Cir. 1999). This rule only applies where, (as in the instant case), at least one relevant prior case was dismissed with prejudice. Villot v. Varner, 373 F.3d 327 (3d Cir. 2004); Holloway v. Horn, 355 F.3d 707 (3d Cir. 2004); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); Hull v. Kyler, 190 F.3d 88 (3d Cir. 1999); Christy v. Horn, 115 F.3d 201 (3d Cir. 1997). Accordingly, this matter was dismissed

---

[1] 84-cv-1843 was considered and denied on the merits, which is a dismissal with prejudice. 93-cv-4862 was dismissed as an abuse of the writ, which acts as a dismissal with prejudice.

without prejudice on November 15, 2006 on grounds of lack of subject matter jurisdiction.

On November 29, 2006, petitioner filed a petition which makes the following two requests from this court:

1. That this court reconsider its memorandum and order of November 15, 2006; and

2. That this court grant petitioner a certificate of appealability.

This court sees no reason to revisit the issues addressed in its November 15, 2006 ruling; moreover, only an appellate court, not a district court, may grant a certificate of appealability. Accordingly, this          Day of December, 2006, it is hereby

**ORDERED** that petitioner's petition of November 29, 2006 is **DENIED**, and, it is further

**ORDERED** that 06-cv-3953 shall remain **DISMISSED WITHOUT PREJUDICE** on grounds of lack of subject matter jurisdiction.


                         **S/ ROBERT F. KELLY**
                         **ROBERT F. KELLY, U.S. District Judge**