IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN W. GRIFFIN

    Petitioner

    v.

MIKE WENEROWICZ, ET AL

    Respondents

:
:
:
:
:
:
:
:
:
:

CIVIL ACTION

No.06-5181

---

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO VACATE ORDER DENYING HABEAS CORPUS RELIEF
PURSUANT TO FED.R.CIV.PROC.60(b)

---

NOW COMES, JOHN W. GRIFFIN, Petitioner, herein and in Pro Se fashion, respectfully submitting his Memorandum of Law in support of his Motion To Vacate Order Denying Habeas Corpus Relief Pursuant to Fed.R.Civ.Proc. 60(b)(6). Whereas,

Rule 60(b) of the Federal Rule of Civil Procedure provides several grounds for relief from judgment, including under Rule 60(b)(6), "any other reason" justifying relief.... In a federal habeas corpus case under §2254, a state prisoner's motion, invoking Rule 60(b) for relief from a judgment, is not to be treated as a second or successive federal habeas corpus petition -- which would be subject to the restrictions on such petitions in §2244(b), if the motion does not assert, or reassert claims of error in the movant's state conviction. Gonzalez v. Crosby, 545 U.S. 524; 125 S.Ct. 2641; 162 L.Ed.2d 480 (2005).

Petitioner avers that by merely asserting that due to the Ineffectiveness of PCRA counsel and counsel's Abandonment of petitioner's claim on appeal, petitioner was excluded from raising his claim in Federal Court, petitioner's Rule 60(b) motion is not the equivalent of a successive federal habeas corpus petition and should not be subject to §2244(b)'s restrictions.

Herein, petitioner challenges the previous ruling of the U.S. District Court and that of the Third Circuit because of a lack of showing "cause and prejudice". When no "claim" is presented within the meaning of §2244(b), there is no basis for contending that a Rule 60(b) motion should be treated like a habeas corpus application. And, if neither a Rule 60 (b) motion, nor the federal judgment from which the motion seeks relief, substantively addresses federal grounds for setting aside the movant's state conviction, then allowing the motion to proceed as denominated creates no inconsistency with the federal habeas corpus statute or rules.

Petitioner asks this Court to take judicial notice of the recent U.S. Supreme Court ruling in <u>Martinez v. Ryan</u>, 2012 WL 9 12950(U.S.)(No.10-1001) Decided March 20, 2012, which holds, <u>The doctrine barring procedurally defaulted claims from being heard is not without exceptions</u>. Thus, for the reasons set forth below, petitioner now seeks to reopen his prior habeas corpus petition to permit counseled briefing on default <u>cause and prejudice</u>, and <u>miscarriage of justice</u>.

In 2006, the U.S. Court of Appeals for the Third Circuit, (E.D. Pa. Civ. No. 06-03953) affirmed the dismissal of the above referenced habeas corpus procedural grounds. That pro

-2-

In his 2005-6 habeas corpus motion, petitioner raised the claim, et al., of Abuse of Discretion, where in 1991 a Post Conviction Hearing Court Judge "purposely" mis-stated the testimony of two witnesses, (both officers of the court), and used his mis-statements, and reinvented testimony as the sole reason for denying this petitioner's Brady claim. The U.S. Court of Appeals for the Third Circuit ruled that petitioner had not showed cause and prejudice and affirmed the District Court's dismissal. (Federal Court's previous orders attached)

The recent U.S. Supreme Court ruling in Martinez v. Ryan, 2012 WL 912950 (U.S.)(No. 10-1001), states, where as in the present case, a initial-review collateral proceeding is the only proceeding where a prisoner has the chance to present claims he could not raise earlier, federal law requires the initial-review collateral proceeding be fair and impartial.

Petitioner avers that: Any competent court reading the PCRA Notes of Testimony would see that Judge McCrudden in fact used his own invented evidence and mis-statements of the witnesses testimony to deny Petitioner relief under the Post Conviction Relief Act.

The purpose of the evidentiary hearing was to consider, fairly and impartially, any and all evidence concerning a possible undisclosed deal given to Calvin Hunter, the only witness for the Commonwealth. Both of Hunter's attorneys testified that he (Hunter) had received a deal in exchange for his testimony against petitioner. The record will show there was no other evidence, other than Hunter's testimony that connected petitioner to this crime. Thus, petitioner was prejudice by Judge McCrudden's mis-statement of testimony

-3-

because the Judge used his mis-statements and mis-quotes to
justify a denial of petitioner's claim. The issue affected by
this mis-statement was <u>central</u> <u>to</u> <u>petitioner's</u> <u>case</u> and was
<u>not</u> <u>mitigated,</u> either by the Judge who made the mis-statement
or by petitioner's attorney, who abandoned the issue, after
assuring petitioner that he would include it, and then failed
to preserve the issue on appeal.

Because the U.S. District Court and Third Circuit's ruling
that petitioner's federal claim was "precluded" without
regard to whether first post conviction relief counsel was
effective, protection of petitioner's rights to effective
assistance of counsel was frustrated. Because of this ruling,
The District Court declined to address the merits of this
petitioner's case. And in light of <u>Martinez v. Ryan</u>, supra,
this court should reverse the previous ruling and grant this
petitioner a hearing on the issues.

Petitioner does not dispute that a federal habeas corpus
court may not reach the merits of a claim which the state
court have denied on a procedural ground that is "adequate
and independent," unless the petitioner can demonstrate,
"cause and prejudice to excuse his default" (or show that
failure to reach the merits would "result in a fundamental
miscarriage of justice"). <u>Coleman v. Thompson</u>, 501 U.S. 722,
750 (1991).

In this case, however, there are two independently
sufficient reasons why  petitioner's motion should be allowed
to go forward. 1), Petitioner's PCRA attorney's failure to
include this most important issue in his appeal from the PCRA
court's ruling, and 2), In a system constitutionally bound to

-4-

afford defendants due process, the issue of a Judge purposely mis-stating testimony and using this mis-statements as the reason to deny petitioner's proven claim, is fundamentally unfair and demonstrates the kind on "manifest injustice" this Honorable Court should seek to correct. See <u>Dobbs v. Zant</u>, 113 S.Ct. 835, 506 U.S. 357 (U.S.Ga. 1993) "The Supreme Court held that the Court of Appeals should have considered newly discovered sentencing transcripts which called into serious question the factual predicate upon which the District Court and Court of Appeals had relied in denying the claim of ineffective assistance of counsel."

Petitioner is innocence of this crime of murder and had previously tried to present to the court, (unsuccessfully), evidence to that affect. Petitioner has attempted to raise issues of an undisclosed deal and evidence of the undisclosed crime record in prior habeas corpus petitions. But again he was unsuccessful in having his issues heard. Petitioner has continually shown due diligence in his attempts to make the Court aware of the miscarriage of justice in his case.

Due to the Ineffectiveness of PCRA counsel and counsel's Abandonment of Petitioner's Claim, Petitioner was excluded from raising his claim in Federal Court, and contrary to what the PCRA Court stated in its April 2005, Order and Opinion, petitioner's claim has <u>not</u> been litigated.

Petitioner's current assertions that witness' testimony was misstated and misrepresented and used as the sole reason to deny petitioner's <u>Brady</u> claim, is a factually and legally distinct and separate claim from the "<u>Brady</u> issue of after discovered evidence" originally made in earlier proceedings.

-5-

And do not involve the addition of an ineffectiveness claim
to an already-decided substantive claim. <u>See</u>, <u>Corn v. Bell</u>,
cited at: WL 1118709 (U.S. 2008)(A ground for relief was
previously determined <u>if</u> a court of competent jurisdiction
had ruled on the merits of the claim <u>after a full and fair
hearing</u>.)

Numerous decisions make clear that a claim is not deemed
"litigated" merely because it shares a factual similarity
with , or relates to the same evidence at the trial as
another claim which has been previously brought. In <u>Com v.
Barnes</u>, 248 Pa. Super. 579, 586-587, 375 A.2d 392 (1977),
for example, the Superior Court rejected the "previously
litigated" contention as to petitioner's claim that his
attorney was ineffective for failing to raise lack of
representation at a lineup merely because another aspect of
the lineup (its suggestibility) had been previously
challenged. In <u>Com. v. Hare</u>, 486 Pa. 123, 128, 404 A.2d 388,
390-491 (1979), similarly, the Supreme Court rejected an
attempt to equate two different challenges to a guilty plea
proceeding, stating, "[a]ppellant' PCRA assertions that the
trial court did not conduct a valid colloquy, as required by
Pa.R.Crim. 319, and that appellate counsel was ineffective
for failing to raise that issue did not merely rephrase his
contention on direct appeal that trial counsel, before the
colloquy, was ineffective in advising him to plead guilty...
or advance new theories of recovery for same issue." <u>See also</u>
<u>Com. v. Morocco</u>, 375 Pa. Super. 367, 544 A.2d 965 (1988)
(prejudice prong of ineffectiveness claim based on counsel's
reporting "ready" for trial without first determining

-6-

availability of essential witness, held <u>not</u> finally litigated
by earlier claim challenging the court's failure to permit a
continuance to obtain that same witness); <u>Com v. Sawyer</u>, 355
Pa.Super. 115, 512 A.2d 1238 (1996) ("A petitioner alleging
ineffectiveness of counsel is not barred from seeking relief
under the Act merely because he has previously unsuccessfully
asserted an ineffectiveness claim, so long as the specific
allegation of ineffectiveness has not been previously
litigated.")

## IN CONCLUSION

Petitioner request that this Court entertain his habeas
petition under the saving Clause in Rule 60(b)(6) of the
Federal Rules of Civil Procedural, and maintains that the
vacating of judgment by the District Court in his prior
habeas corpus petition is warranted and appropriate and
represents <u>an extra-oridinary circumstance</u>; moreover the ends
of justice would be accomplished by such departure.

Respectfully Submitted,

John Griffin - Pro Se
P.O. Box 244  AM8535
Graterford, PA 19426

Date: 11/14/12

-7-

CERTIFICATE OF SERVICE

I, hereby certify that I am, this day, serving a true and correct copy of the accompanying document upon the below listed persons and in the below listed manner.

MANNER OF SERVICE:

United States Postal Services

DOCUMENT SERVED:

Memorandum Of Law in Support of Motion To
Vacate Order Denying Habeas Corpus Relief
Pursuant To Fed.R.Civ.Proc. 60(b)

PERSONS SERVED:

The District Attorney's Office
Appeals Unit
Three South Penn Square
P.O. Box 3499
Philadelphia, Pa 19107-3499

John Griffin - Pro Se
P.O. Box 244 / AM8535
Graterford, Pa 19426

Date: 11/14/12

-8-

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 06-5181

————————

JOHN GRIFFIN,

Appellant

v.

DAVID DIGUGLIELMO;
THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-cv-03953)
District Judge:  Honorable Robert F. Kelly

————————

Present:  SCIRICA, *Chief Judge*, SLOVITER, McKEE,
BARRY, AMBRO, FUENTES, SMITH, FISHER,
CHAGARES, JORDAN and HARDIMAN, *Circuit Judges*.

————————

SUR PETITION FOR REHEARING
WITH SUGGESTION FOR REHEARING EN BANC

————————

The petition for rehearing filed by Appellant having been submitted to all judges
who participated in the decision of this court, and to all the other available circuit judges
in active service, and a majority of the judges who concurred in the decision not having
asked for rehearing, and a majority of the circuit judges of the circuit in regular active
service not having voted for rehearing by the court en banc, the petition for rehearing is
hereby DENIED.

BY THE COURT:

*/s/ D. Michael Fisher*
Circuit Judge

Dated: September 6, 2007
smw/cc:   John Griffin
          Thomas W. Dolgenos, Esq.

DLD-268                                                         June 14, 2007

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. <u>06-5181</u>

JOHN GRIFFIN

VS.

DAVID DIGUGLIELMO, ET AL.

(E.D. Pa. Civ. No. 06-cv-03953)

Present:  BARRY, AMBRO and FISHER, <u>CIRCUIT JUDGES</u>

Submitted is Appellant's request for a certificate of appealability under 28
U.S.C. § 2253(c)(1);

in the above-captioned case.

Respectfully,

Clerk

MMW/JSN/smw

_____ORDER_____

   We decline Appellant's request for a certificate of appealability because the
District Court correctly ruled that Appellant's habeas corpus petition was an unauthorized
successive petition.  Appellant was required to obtain this Court's authorization prior to
filing the petition in the District Court.  <u>See</u> 28 U.S.C. § 2244(b)(3); <u>In re Minarik</u>, 166
F.3d 591, 599-600 (3d Cir. 1999).

   We also construe the appeal as a request under 28 U.S.C. § 2244(b)(3) for
authorization to file a successive habeas corpus petition.  We conclude that Appellant has
failed to satisfy the requirements of 28 U.S.C. § 2244(b)(2)(B).  We therefore decline to
grant Appellant permission to assert the new claims in a successive habeas petition.

By the Court,

<u>/s/ D. Michael Fisher</u>
Circuit Judge

Dated: July 17, 2007
smw/cc:      John Griffin
             Thomas W. Dolgenos, Esq.

ENTERED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEC 1 8 2006

CLERK OF COURT

JOHN GRIFFIN          :          CIVIL ACTION
v.                    :
DAVID DI GUGLIELMO, et al.    :     NO. 06-cv-3953    **FILED  DEC 1 8 2006**

## MEMORANDUM AND ORDER

On September 5, 2006, petitioner filed the above-captioned petition in this court

seeking Habeas Corpus relief pursuant to 28 U.S.C. §2254.  Petitioner filed two previous

petitions in this court seeking Habeas Corpus relief pursuant to 28 U.S.C. §2254,

labeled 84-cv-1843 and 93-cv-4862, which attacked the same conviction and/or

sentence, and which were dismissed with prejudice.[1]  In such circumstances, the

Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§2241- 2266,

provides in relevant part that before such a second or successive petition is filed in the

district court, the prisoner must first get permission to file in the district court from the

circuit court, pursuant to 28 U.S.C. §2244(b)(3)(A), and that without such circuit

permission, the district court lacks subject matter jurisdiction to consider such a habeas

petition. Felker v. Turpin, 518 U.S. 651 (1996); Benchoff v. Colleran, 404 F.3d 812 (3d

Cir. 2005); In re Minarik, 166 F.3d 591 (3d Cir. 1999).  This rule only applies where, (as

in the instant case), at least one relevant prior case was dismissed with prejudice. Villot

v. Varner, 373 F.3d 327 (3d Cir. 2004); Holloway v. Horn, 355 F.3d 707 (3d Cir. 2004);

Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); Hull v. Kyler, 190 F.3d 88 (3d Cir. 1999);

Christy v. Horn, 115 F.3d 201 (3d Cir. 1997).  Accordingly, this matter was dismissed

---

[1]84-cv-1843 was considered and denied on the merits, which is a dismissal with
prejudice.  93-cv-4862 was dismissed as an abuse of the writ, which acts as a dismissal
with prejudice.

1

without prejudice on November 15, 2006 on grounds of lack of subject matter jurisdiction.

On November 29, 2006, petitioner filed a petition which makes the following two requests from this court:

1.   That this court reconsider its memorandum and order of November 15, 2006; and

2.   That this court grant petitioner a certificate of appealability.

This court sees no reason to revisit the issues addressed in its November 15, 2006 ruling; moreover, only an appellate court, not a district court, may grant a certificate of appealability.   Accordingly, this   *18th*   Day of December, 2006, it is hereby

**ORDERED** that petitioner's petition of November 29, 2006 is **DENIED**, and, it is further

**ORDERED** that 06-cv-3953 shall remain **DISMISSED WITHOUT PREJUDICE** on grounds of lack of subject matter jurisdiction.

_____
**ROBERT F. KELLY, U.S. District Judge**

2

ENTERED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NOV 1 5 2006

CLERK OF COURT

| JOHN GRIFFIN | : | CIVIL ACTION |
| v. | : | |
| DAVID DI GUGLIELMO, et al. | : | NO. 06-cv-3953 |

FILED    NOV 1 5 2006

## MEMORANDUM AND ORDER

On September 5, 2006, petitioner filed the above-captioned petition in this court
seeking Habeas Corpus relief pursuant to 28 U.S.C. §2254. Petitioner has filed two
previous petitions in this court seeking Habeas Corpus relief pursuant to 28 U.S.C.
§2254, labeled 84-cv-1843 and 93-cv-4862, which attacked the same conviction and/or
sentence, and which were dismissed with prejudice.[1]   In such circumstances, the
Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§2241- 2266,
provides in relevant part that before such a second or successive petition is filed in the
district court, the prisoner must first get permission to file in the district court from the
circuit court, pursuant to 28 U.S.C. §2244(b)(3)(A), and that without such circuit
permission, the district court lacks subject matter jurisdiction to consider such a habeas
petition.  Stewart v. Martinez-Villaeral, 523 U.S. 637 (1998); Felker v. Turpin, 518 U.S.
651 (1996); Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); In re Minarik, 166 F.3d
591 (3d Cir. 1999).  This rule only applies where, (as in the instant case), at least one
relevant prior case was dismissed with prejudice.  Stewart v. Martinez-Villaeral, 523 U.S.
637 (1998); Villot v. Varner, 373 F.3d 327 (3d Cir. 2004); Holloway v. Horn, 355 F.3d
707 (3d Cir. 2004); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); Hull v. Kyler, 190 F.3d

---

[1] 84-cv-1843 was considered and denied on the merits, which is a dismissal with
prejudice.  93-cv-4862 was dismissed as an abuse of the writ, which acts as a dismissal
with prejudice.

1

88 (3d Cir. 1999); <u>Christy v. Horn</u>, 115 F.3d 201 (3d Cir. 1997).

To the extent that petitioner is alleging that he is actually innocent, and bases this argument upon allegedly newly discovered evidence, AEDPA provides for relief from the second or successive rule where there is an argument based upon either the United States Constitution, federal law, or federal treaties which rests upon newly discovered evidence which "could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. §2244 (b)(2)(B). <u>Accord</u>, <u>Calderon v. Thompson</u>, 523 U.S. 538 (1998).   If this standard is satisfied, the statute of limitations for habeas corpus cases only begins to run on the date on which the facts asserted could have first been discovered by due diligence.  28 U.S.C. §2244(d)(1)(D).  However, before this district court has jurisdiction to consider petitioner's arguments based upon allegedly newly discovered evidence, petitioner must first petition the U.S. Court of Appeals for permission for this court to consider it.  28 U.S.C. §2244(b)(3)(A).

2

Accordingly, this *15 ᵗʰ* Day of November, 2006, it is hereby **ORDERED** as follows:

1. This civil action is **DISMISSED WITHOUT PREJUDICE** on the grounds that this court lacks subject matter jurisdiction over it.

2. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall mark this matter as **CLOSED** in this court for all purposes, including statistics.

_____
**ROBERT F. KELLY, U.S. District Judge**

3